Thomas Nace, Defendant–
Cross–Claimant.

No. 05–4174–cv.

United States Court of Appeals,
Second Circuit.

Jan. 12, 2007.

Russell A. SCHINDLER, Jody
Fabrikant, Plaintiffs–
Appellants,

v.

Christine FRENCH, William Deridder,
Hector L. Mejias, Jr., John Spinato,
Catherine Palmer–Wemp, Walter
Sasse, Christina Khuly, David Stark,
Diane Stark, Ulster County Society
for the Prevention of Cruelty to Ani-
mals, Bradley Knee, Avery Smith, La-
raine Caliri, Defendants–Cross–Defen-
dants–Appellees,

Jody Fabrikant, pro se, High Falls, NY, for Plaintiff–Appellant Fabrikant.

James A. Muscato II (Dean S. Sommer, on the brief), Young, Sommer, Ward, Ritzenberg, Baker & Moore, LLC, Albany, NY, for Defendants–Cross–Defendants–Appellees.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiffs-appellants Russell A. Schindler and Jody Fabrikant, *pro se,* appeal from a decision of the United States District Court for the Northern District of New York (Hurd, J.) granting defendants-appellees' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review de novo the district court's decision to grant a motion to dismiss for failure to state a claim, "examining all facts and drawing all inferences in plaintiff's favor." *Thyroff v. Nationwide Mut.*

*Ins. Co.*, 460 F.3d 400, 403 (2d Cir.2006). "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Id.* (internal quotation marks omitted).

■ To state a claim under 42 U.S.C. § 1983, plaintiffs must allege, *inter alia,* that the wrongful conduct was committed by a person acting under color of state law. *See Johnson v. Goord,* 445 F.3d 532, 534 (2d Cir.2006). We agree with the district court that plaintiffs failed to sufficiently allege that defendant Ulster County Society for the Prevention of Cruelty to Animals ("UCSPCA") was acting under color of state law. Plaintiffs' complaint contains no allegation that the UCSPCA was a state entity, or had otherwise acted under color of state law through some relationship with, or authority vested by, the State. Accordingly, we find that the district court properly granted defendants' motion to dismiss the non-conspiracy claims against UCSPCA.[1] Nevertheless, we vacate and remand to the district court because "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir. 1991). "Although leave to replead is within the discretion of the district court, refusal to grant it without any justifying reason is an abuse of discretion." *Id.* Thus, we remand with instructions to dismiss the non-conspiracy counts against UCSPCA without prejudice and permit plaintiffs an opportunity to replead these claims.

■ We further find that the district court improperly dismissed plaintiffs' remaining claims. Plaintiffs' complaint sufficiently alleges that defendants Spinato and Sasse were acting under color of state law because they were allegedly acting as "duly authorized peace officers" and exercising authority conferred by state law by virtue of their status as peace officers. *See* N.Y.Crim. Proc. Law § 2.10(7); N.Y. Agric. & Mkts. Law § 371. These allegations are sufficient to show that Spinato and Sasse were acting under color of state law at this stage of the proceedings. *See West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' "). Furthermore, the district court erred in concluding that Spinato and Sasse were protected from liability by qualified immunity. Plaintiffs' complaint alleges that Spinato and Sasse obtained the search warrant in bad faith and knew that the supporting depositions were false and misleading. These allegations, which we must accept as true at this stage, preclude dismissal on the basis of qualified immunity. *See Golino v. City of New Haven,* 950 F.2d 864, 871 (2d Cir.1991) ("Where an officer knows, or has reason to know, that

---

1. We reject plaintiffs' argument that reversal is required because the district court improperly considered matters outside the pleadings in deciding this motion. This Court has held that reversal is not necessary when "dismissal can be justified without reference to matters outside the complaint." *Thomas v. City of New York,* 143 F.3d 31, 37 (2d Cir.1998) (internal quotation marks omitted). Since plaintiffs' complaint fails to sufficiently allege that UCSPCA was acting under color of state law, dismissal can be justified without relying on any matters outside the pleadings. However, defendants' renewed motion to "correct" the record with color photographs of the alleged condition of plaintiff Fabrikant's animals is denied as these photographs, in any shade, constitute matters outside the pleadings.

he has materially misled a magistrate on the basis for a finding of probable cause . . . the shield of qualified immunity is lost . . . ." (internal citations omitted)). Finally, we disagree with the district court that plaintiffs offered only vague and conclusory allegations in support of their conspiracy claims. Plaintiffs' complaint includes detailed allegations that defendants used false deposition testimony and medical reports to improperly obtain a search warrant and pursue false criminal charges against plaintiff Fabrikant and seize her animals. These allegations, presumed to be true, are sufficient to withstand a Rule 12(b)(6) motion to dismiss.

Finally, since we vacate the dismissal of plaintiffs' federal law claims, we also vacate the dismissal of plaintiffs' state law claims since the sole reason the district court declined to exercise supplemental jurisdiction over these claims was that the federal claims had been dismissed. We would note, however, that we question whether plaintiff Schindler's state law claim is properly joined with plaintiff Fabrikant's federal and state law claims.

For these reasons, we vacate the judgment of the district court and remand for further proceedings consistent with this order.